# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Brabham Oil Company, Inc,, <br><br> Plaintiff, <br><br> vs. <br><br> Fuel Trader Supply, LLC, Blue Earth Resources, Inc., Fuel Trader Resource Management, Inc., Platinum Equity Advisors, LLC, William R. Eaton, Scott M. Boruff, Charles B. Lobetti III, and Gary W. Ford, Jr., <br><br> Defendants, | Case No. 5:24-1170-JFA <br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Charles B. Lobetti III ("Removing Defendant"), by and through undersigned counsel, hereby files this Notice of Removal removing the above-captioned action from the Court of Common Pleas for Bamberg County, South Carolina to the United States District Court for the District of South Carolina, Orangeburg Division. In support of this Notice of Removal, Removing Defendant states as follows:

## BACKGROUND

1. On January 29, 2024, Plaintiff Brabham Oil Company, Inc. filed a complaint in the Court of Common Pleas for Bamberg County, South Carolina, C.A. No. 2024-CP-05-00014 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders, if any, received by the Removing Defendant, including the Summons and Complaint is attached hereto as **Exhibit A**.

2. According to Plaintiff, Blue Earth Resources, Inc. and Fuel Trader Supply, LLC were served on or about January 30, 2024; Gary W. Ford was served on or about February 3, 2024;

Charles B. Lobetti was served on or about February 6, 2024; and William Eaton was served on or about February 7, 2024. (Affidavits of service are attached hereto within **Exhibit A**). Platinum Equity Advisors, LLC, Fuel Trader Resource Management, Inc., and Scott M. Boruff were effectively served on February 22, 2024, when Notices of Appearance were filed on their behalf.

3. Removing Defendant has not responded to the Complaint in state court. Removing Defendants' responsive pleading or motion is not due in this Court until Thursday, March 14, 2024, pursuant to Federal Rule of Civil Procedure 81(c)(2)(C).

## TIMELINESS OF REMOVAL

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which the Removing Defendant was served the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

## VENUE

5. The Court of Common Pleas for Bamberg County is located in the District of South Carolina and its Orangeburg Division. Under 28 U.S.C. §§ 1441 and 1446, Removing Defendant may remove a state court civil action to the district court within which such action is pending. This Court embraces the County where the State Action being removed is pending. Therefore, the state court action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## BASIS OF REMOVAL

6. This action is properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES**

7. This action "involves citizens of different states." 28 U.S.C. § 1441.

8. Upon information and belief, Plaintiff is a corporation organized under the laws of South Carolina with its principal place of business in Bamberg, South Carolina. Accordingly, Plaintiff is a citizen of South Carolina for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); Compl. ¶ 14.

9. Defendant Fuel Trader Supply, LLC is a limited liability company organized under the laws of Texas with a principal place of business in Florida. The sole member of Defendant Fuel Trader Supply, LLC is Blue Earth Resources, Inc., a corporation organized under the laws of Utah with a principal place of business in Tennessee. Accordingly, Defendant Fuel Trader Supply, LLC is a citizen of Texas, Florida, Utah, and Tennessee for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

10. Defendant Fuel Trader Resource Management, Inc. is a corporation organized under the laws of Puerto Rico with a principal place of business in Puerto Rico. Accordingly, Defendant Fuel Trader Resource Management, Inc. is a citizen of Puerto Rico for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

11. Defendant Blue Earth Resources, Inc. is a corporation organized under the laws of Utah with a principal place of business in Tennessee. Accordingly, Defendant Blue Earth Resources, Inc is a citizen of Utah and Tennessee for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

12. Defendant Platinum Equity Advisors, LLC is a limited liability company organized under the laws of Tennessee with a principal place of business in Tennessee. Defendant Platinum Equity Advisors, LLC is owned by Jule Boruff, a citizen and resident of Tennessee. Accordingly,

Defendant Platinum Equity Advisors, LLC is a citizen of Tennessee for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

13. Defendant William R. Eaton is a citizen and resident of Florida.

14. Defendant Scott M. Boruff is a citizen and resident of Tennessee.

15. Defendant Charles B. Lobetti, III is a citizen and resident of Tennessee.

16. Defendant Gary W. Ford, Jr. is a citizen and resident of Tennessee.

17. There are no other parties to this action.

18. Accordingly, complete diversity of citizenship of the parties to this action exists, and removal is therefore proper under 28 U.S.C. § 1332 and § 1441(b).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

19. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost." 28 U.S.C. § 1332(a).

20. In this case, satisfaction of the amount in controversy is facially apparent from the allegations in Plaintiff's Complaint, which seeks recovery of a principal amount of $8,832,924.67. Compl. ¶ 1.

21. Accordingly, the record and case law establish that the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

### CONCLUSION

22. Under 28 U.S.C. § 1446, all defendants that have been properly joined and served must consent to or join in removal. All properly joined and served defendants consent to or have joined in this removal thereby satisfying §1446. A copy of Defendant William R. Eaton's consent to removal is attached hereto as **Exhibit B**. A copy of Fuel Trader Supply, LLC's consent is

attached hereto as **Exhibit C**. A copy of Fuel Trader Resource Management, Inc.'s consent is attached hereto as **Exhibit D**. A copy of Blue Earth Resources, Inc.'s consent is attached hereto as **Exhibit E**. A copy of Platinum Equity Advisors, LLC's consent is attached hereto as **Exhibit F**. A copy of Scott M. Boruff's consent is attached hereto as **Exhibit G**. A copy of Gary W. Ford's consent is attached hereto as **Exhibit H**.

23. Further, pursuant to 28 U.S.C. § 1446, Removing Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and service notice of the filing of this Notice of Removal on Plaintiff's counsel.

24. Removing Defendant files this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. Removing Defendant specifically reserves the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleadings within the time allotted under the Federal Rules of Civil Procedure.

25. Removing Defendant has complied with the requirements of Rules 83.IV.01 and 83.IV.02 of the Local Civil Rules of the United States District Court for the District of South Carolina.

26. Removing Defendant reserves the right to amend or supplement this Notice.

27. If any question arises regarding the propriety of the removal of this action, Removing Defendant respectfully requests the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

**WHEREFORE**, Removing Defendant hereby removes this action, pending in the Court of Common Pleas, County of Bamberg, as Civil Action No. 2024-CP-05-00014.

s/*John T. Lay, Jr.*
John T. Lay, Jr. (Fed ID 5539)
Jordan M. Crapps (Fed ID 12418)
Laura W. Jordan (Fed ID 11398)
Amelia M. Farmer (Fed ID 13891)
Gallivan, White & Boyd, P.A.
PO Box 7368
Columbia, SC 29202-7368
jlay@gwblawfirm.com
jcrapps@gwblawfirm.com
ljordan@gwblawfirm.com
afarmer@gwblawfirm.com
(803) 779-1833 Ofc

***Attorneys for Defendant Charles B. Lobetti III***

March 7, 2024