IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brabham Oil Company, Inc., | C/A No. 5:24-cv-1170-JFA |
| Plaintiff, | |
| v. | |
| Fuel Trader Supply, LLC, Blue Earth Resources, Inc., Fuel Trader Resource Management, Inc, William R. Eaton, Scott M. Boruff, Charles B. Lobetti, III, Gary W. Ford, Jr., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for "Entry of Final Judgments and Dismissal of Plaintiff's Claims against Defendants Lobetti and Fuel Trader Resource Management." (ECF No. 155). This Motion comes in relation to a confidential settlement agreement reached between Plaintiff Brabham Oil Company, Inc. ("Brabham" or "Plaintiff"), and Defendants Fuel Trader Supply, LLC ("FTS"), Blue Earth Resources, Inc. ("BERI"), Fuel Trader Resource Management, Inc. ("FTRM"), Scott M. Boruff ("Boruff"), and Charles B. Lobetti ("Lobetti") (collectively "Settling Defendants"). This matter has been fully briefed and is ripe for review. (ECF Nos. 155, 159, 160 & 168). For the reasons stated herein, Plaintiff's Motion is granted.

## I.    FACTS AND PROCEDURAL HISTORY

This case arises out of a longstanding business relationship between Plaintiff and FTS, FTRM, and BERI (collectively "Corporate Defendants"). In 2018, Plaintiff entered

into buy-sell agreements with FTS whereby Plaintiff paid FTS for the purchase of certain fuel products. (ECF No. 27, p. 6). FTS would then purchase products, sell them to customers, and repay Plaintiff for money received plus interest. *Id.* It appears this buy-sell arrangement proceeded without incident from 2018 until 2022. In September 2022, BERI acquired FTS and FTRM. Ultimately, a breakdown in this buy-sell arrangement occurred. Plaintiff sued the Corporate Defendants as well as Eaton, Ford, Lobetti, and Boruff—officers of the Corporate Defendants in their official capacities—on several causes of action. Further, Eaton and Ford filed cross claims against the Corporate Defendants for indemnity of any costs and judgments against them arising from Plaintiff's claims.[1] (ECF Nos. 68 & 72).

Plaintiff and the Settling Defendants executed a confidential settlement agreement and release ("Confidential Settlement"),[2] ending all claims by Plaintiff against the Settling Defendants. (ECF No. 155, p. 2). After this Court's order regarding the dispute over the $1,500,000.00 held in trust, (ECF No. 142), FTS transferred the funds in trust to Plaintiff, and Defendants Lobetti and FTRM made confidential payments to Plaintiff. (ECF No. 155, p. 3). "To conclude the settlement, Plaintiff moves pursuant to Fed. R. Civ. P 54(b) for entry of the stipulated final judgments against Defendants [FTS], [BERI], and [Boruff],

---

[1] Currently pending before this Court are multiple Motions for Summary Judgment. (ECF Nos. 112, 137, 146, 148, 149 & 150). A hearing on these pending motions is scheduled for May 13, 2026. (ECF No. 178). After reviewing this Motion, (ECF No. 155), the Undersigned determined a ruling may be made without hearing argument and accordingly issues this Order.

[2] Plaintiff attaches the Confidential Settlement to its Motion. (ECF No. 155-1). Only the amount paid by Lobetti and FTRM is redacted. *Id.* at 2.

and moves pursuant to Fed. R. Civ. P. 41(a)(2) for dismissal of Plaintiff's claims against Defendants Lobetti and [FTRM]." *Id.* at 1–2. The non-settling Defendants, Ford and Eaton, oppose Plaintiff's Motion by requesting the Court grant Plaintiff's requested relief conditioned on providing Ford and Eaton the un-redacted settlement agreement—the amounts paid by Lobetti and FTRM. (ECF Nos. 159 & 160).

## II.     STANDARD OF REVIEW

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "'[C]ourts have … recognized that Rule 41(a) may be used to dismiss individual defendants in a multi-defendant case' and 'plaintiffs seeking to dismiss all claims against specific defendants have been allowed to do so under Rule 41.'" *Rhoads v. S. Health Partners, Inc.*, No. 8:22-CV-01409-SAL-BM, 2024 WL 4186667, at *18 (D.S.C. Apr. 26, 2024), *report and recommendation adopted sub nom. Rhoads v. S. Health Partners*, No. 8:22-CV-1409-SAL, 2024 WL 3873760 (D.S.C. Aug. 20, 2024*), opinion vacated in part on reconsideration*, No. 8:22-CV-1409-SAL, 2025 WL 2201413 (D.S.C. July 1, 2025) (quoting *Ledford v. Bryson City Police Dep't*, No. 1:20-cv-168-MR-WCM, 2021 WL 2982315, at *3 (W.D.N.C. Apr. 23, 2021) (collecting cases*), Report and Recommendation adopted* by 2021 WL 2525572 (W.D.N.C. June 21, 2021).

> When an action presents more than one claim for relief— whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or

3

> other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54 (b).

### III.    DISCUSSION

Defendants Ford and Eaton (the "Non-Settling Defendants"), oppose Plaintiff's Motion by requesting the Court grant Plaintiff's requested relief conditioned on providing the Non-Settling Defendants the un-redacted settlement agreement. (ECF Nos. 159 & 160). Plaintiff argues that the amounts paid by Lobetti and FTRM, which are redacted as confidential, are not relevant for the Non-Settling Defendants to be aware of until it is time to calculate a potential set-off. Conversely, the Non-Settling Defendants argue that allowing these amounts to remain confidential for the time being "risks turning the Court's signature into a vehicle for private bargains that would: (1) enshrine secrecy; (2) invite piecemeal proceedings; and (3) erode confidence in the process." (ECF No. 159, p. 1; *see also* ECF No. 160).

"The question before the court is whether [the Non-Settling Defendants] may obtain disclosure of the terms of a confidential settlement agreement." *Polston v. Eli Lilly & Co.*, No. 3:08-3639, 2010 WL 2926159, at *1 (D.S.C. July 23, 2010) (denying a defendant's motion to compel the terms of a confidential settlement agreement prior to a verdict finding liability on part of the defendant). The Non-Settling Defendants seek to delay Plaintiff satisfying the terms of the Confidential Settlement over concerns this Court will be

engaging in "government-enforced secrecy," and that the information is required to be disclosed to determine a set-off amount. The Undersigned does not share the same concern that allowing Plaintiff's requested relief will "enshrine secrecy." This Court is not placing its blessing on the Confidential Settlement, rather the Court has already declined to do so. (*See* ECF No. 142). Further, to the extent this information will be relevant for a potential set-off, a request for this information now—prior to the entry of any judgment against the Non-Settling Defendants—is premature. *See e.g. Polston,* No. 3:08-3639, 2010 WL 2926159, at *2 ("Accordingly, there is no reason, for the purposes of [calculating a set-off], to order the disclosure of the amount of the credit until a verdict finding liability on the part of [the defendant] has been reached.")

## IV.    **CONCLUSION**

For all of the reasons stated above, Plaintiff's Motion for "Entry of Final Judgments and Dismissal of Plaintiff's Claims against Defendants Lobetti and Fuel Trader Resource Management," (ECF No. 155), is granted. Accordingly, the Court enters judgements in favor of Plaintiff, inclusive of all costs and prejudgment interest as follows: $8,300,000.00 against Defendant FTS; $4,000,000.00 against Defendant BERI; and $763,000.00 against Defendant Boruff. Pursuant to Fed. R. Civ. P. 54(b), the Court finds there is no just reason for delay and certifies these judgments as final. Further, Plaintiff's claims against Defendants FTRM and Lobetti are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

IT IS SO ORDERED.

March 20, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge