IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brabham Oil Company, Inc., | C/A No. 5:24-cv-1170-JFA |
| Plaintiff, | |
| v. | |
| Fuel Trader Supply, LLC, Blue Earth Resources, Inc., Fuel Trader Resource Management, Inc, William R. Eaton, Scott M. Boruff, Charles B Lobetti, III, Gary W. Ford, Jr., | **MEMORANDUM ORDER AND OPINION** |
| Defendants. | |

## I.    INTRODUCTION

This matter is before the Court on Defendant Gary W. Ford, Jr.'s ("Ford") Motion for Summary Judgement on Indemnification (ECF No. 112), Defendant Fuel Trader Resource Management, Inc.'s ("FTRM") Motion for Summary Judgment against Ford and Defendant William R. Eaton[1] ("Eaton") (ECF No. 146), and Defendant Fuel Trader Supply, LLC's ("FTS") Motion for Summary Judgment as to Ford's cross claims (ECF No. 150). These Motions for Summary Judgment all address cross claims asserted by Ford for indemnification from the Corporate Defendants.[2] For the reasons stated herein and at the hearing, Ford's Motion is denied, FTS's Motion is granted, and FTRM's Motion is granted.

---

[1] FTRM's arguments against Eaton are addressed in a separate order.

[2] Corporate Defendants include FTS, FTRM, and Blue Earth Resources, Inc. ("BERI").

## II.      FACTS

This case arises out of a longstanding business relationship between Plaintiff and FTS, FTRM, and BERI (collectively "Corporate Defendants"). In 2018, Plaintiff entered into buy-sell agreements with FTS whereby Plaintiff paid FTS for the purchase of certain fuel products. (ECF No. 27, p. 6). FTS would then purchase products, sell them to customers, and repay Plaintiff for money received plus interest. *Id.* It appears this buy-sell arrangement proceeded without incident from 2018 until 2022. In September 2022, BERI acquired FTS and FTRM. Ultimately, a breakdown in this buy-sell arrangement occurred. Plaintiff sued the Corporate Defendants as well as Eaton, Ford, Charles B. Lobetti ("Lobetti"), and Scott M. Boruff ("Boruff")—officers of the Corporate Defendants in their official capacities—on several causes of action. Further, Eaton and Ford filed cross claims against the Corporate Defendants for indemnity of any costs and judgments against them arising from Plaintiff's claims. (ECF Nos. 68 & 72).

Plaintiff contends that "[s]oon after [BERI] acquired [FTS] in September 2022, Eaton and the other Defendants began fraudulently moving Brabham['s] funds obtained under the buy-sell relationship to [BERI], without Brabham['s] knowledge, and began encouraging Brabham [] to execute a new buy-sell agreement so that they could continue their fraud." (ECF No. 164, p. 3). Plaintiff further contends that under the January 2023 buy-sell agreement, Brabham continued to advance monies to FTS to buy fuel; however, FTS "at the direction of [BERI] and its controlling principals, including Ford—began diverting monies owed to Brabham [] to [BERI] and other unauthorized third-party

recipients without Brabham['s] [] knowledge or consent, for their own benefit, leading to [FTS's] demise and inability to repay Brabham." *Id.* at 4.

In his cross claims, Ford argues that he is entitled to (1) Contractual Indemnification against Defendant BERI; (2) Equitable Indemnification against Defendants BERI, FTRM, and FTS; and (3) Corporate Officer/Manager Indemnification against BERI, FTS, and FTRM. (ECF No.112, p. 1). Ford entered into an employment agreement with BERI which he provides contained the following indemnity provision:

> Indemnity. The Company shall, during Executive's employment with the Company and thereafter, indemnify Executive to the fullest extent permitted by law and by its Articles of Incorporation and By-laws and shall assure that Executive is covered by the Company's D&O insurance policies, if available, and any other insurance policies that protect employees as in effect from time to time. Such insurance policies shall be with providers, and provide for coverage in amounts, customary and reasonable within the industry in which the Company operates.

(ECF No. 112, p. 2).

Ford was not similarly party to an employment agreement with FTS or FTRM; however, he argues that he is entitled to equitable indemnification from BERI, FTS, and FTRM. *Id.* Further, Ford asserts that he is entitled to corporate officer indemnification from BERI, FTS, and FTRM.

## III.    STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled

3

to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## IV.     **DISCUSSION**

Ford argues that he is entitled to contractual indemnity from BERI, equitable indemnity from BERI, FTRM, and FTS, as well as corporate officer indemnity from BERI, FTS, and FTRM. Corporate Defendants oppose Ford's arguments and conversely argue that a dispute of material fact remains as to whether Ford is entitled to contractual or equitable indemnity from BERI. (ECF No. 134, p. 13). Further, FTS and FTRM have filed

4

separate motions requesting summary judgment in their favor as to Ford's cross claims for indemnity, arguing that Ford has failed to show a "special relationship" between himself and FTS/FTRM and that Ford's own potential negligence forecloses equitable indemnification. (ECF No. 146 & 150).

### A. Ford's Contractual Claim against BERI

Ford argues that he is entitled to contractual indemnification against BERI due to the above discussed indemnification provision in his employment agreement. (ECF No. 112, p. 2). Ford's employment agreement with BERI is governed by the laws of Tennessee—there does not appear to be a dispute that Tennessee law applies to the interpretation of this contract. (ECF No. 134, p. 14). "Under Tennessee law, contracts that indemnify a party against one's own negligence, while not against public policy, must state that intent in expressly clear and in unequivocal terms." *Wells ex rel. Baker v. State*, 435 S.W.3d 734, 747 (Tenn. Ct. App. 2013) (citation modified). The Tennessee Supreme Court has recognized "the universal rule that there can be no recovery where there was concurrent negligence of both indemnitor and indemnitee unless the indemnity contract provides for indemnification in such case by clear and unequivocal terms." *Farmers Mut. of Tennessee v. Athens Ins. Agency*, 145 S.W.3d 566, 569 (Tenn. Ct. App. 2004) (citation modified) (citing *Kroger Co. v. Giem*, 215 Tenn. 459, 387 S.W.2d 620 (1964)).

Here, as discussed in this Court's previous order denying in part and granting in part Ford's Motion for Summary Judgment, many of Plaintiff's claims against Ford survive

5

summary judgment. These claims relate to Ford's behavior in his individual capacity while working as an officer of the Corporate Defendants. The plain language of Ford's employment agreement with BERI appears to indicate that he is entitled to be indemnified by BERI if faced with litigation such as the subject matter here. However, the agreement does not explicitly state that this indemnity extends to wrongful and negligent actions as required by Tennessee law. Accordingly, because some claims regarding Ford's alleged negligent and wrongful behavior survive summary judgment, a dispute of material fact remains regarding whether Ford is entitled to be indemnified by BERI for the subject action.

Accordingly, Ford's motion for summary judgment as to contractual indemnification from BERI is denied.

### B.  Ford's Equitable Claim against BERI, FTS, and FTRM.

Ford argues that he is entitled to equitable indemnity from BERI, FTS, and FTRM. Conversely, BERI objects to Ford's requested relief and avers that similar to its argument regarding contractual indemnity, the issue of Ford's liability in the instant action bars any grant of summary judgment for equitable indemnification at this time. (ECF No. 134, p. 12). Similarly, FTS and FTRM argue that Ford has failed to allege a "special relationship" between himself and FTS and FTRM. *Id.* at 8. Further, FTS and FTRM have asserted motions for summary judgment requesting judgment in their favor that Ford is not entitled to equitable indemnity from them because he has failed to show a "special relationship" between himself and the entities. (ECF Nos. 146 & 150).

6

"[A] right of indemnity exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join." *Inglese v. Beal,* 403 S.C. 290, 299, 742 S.E.2d 687, 691 (Ct. App. 2013) (citation omitted). "Generally, an indemnity plaintiff may recover damages from a defendant where the wrongful act of the defendant has involved the [indemnity] plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest." *Id.* (citation modified) (citation omitted) "When a sufficient relationship between them exists, the indemnity plaintiff [] must prove the following elements to recover damages on an equitable indemnity claim: (1) the indemnity defendant [] is at fault in causing the damages of the third party [], (2) the plaintiff has no fault for those damages; and (3) the plaintiff incurred expenses that were necessary to protect his interest in defending the third party's claim." *Id.*

Here, Ford's motion for summary judgment is denied, and FTS and FTRM's motions are granted. First, Ford's motion for summary judgment for equitable indemnification against BERI is denied due to the disputes of fact remaining regarding his individual liability. Second, the biggest issue with Ford's allegation of equitable indemnity against FTS and FTRM is his failure to show a "special relationship" between himself and the corporate entities. While Ford was employed by BERI, and FTS and FTRM are subsidiaries of BERI, this does not sufficiently allege a "special relationship" such that he

7

is entitled to recover equitable indemnity from them.[3]  Ford further argues that this case "turns on a special relationship created by Boruff and Lobetti." (ECF No. 162, p. 4). While Ford has shown BERI, FTS, and FTRM are related corporate entities, this does not necessarily create a "special relationship" between himself and FTS/FTRM. Mere allegations that the indemnity plaintiff is being sued because of another party's wrongdoing is insufficient. *Rock Hill Tel. Co. v. Globe Commc'ns, Inc.,* 363 S.C. 385, 390, 611 S.E.2d 235, 237 (2005) ("there must be some kind of relationship between the parties beyond the relationship established by virtue of one party alleging that he was sued because of another party's wrongdoing.")

Thus, Ford's Motion for Summary Judgment for equitable indemnification is denied, and FTS and FTRM's motions are granted.

### C. Ford's Corporate Officer/Manager Indemnification against BERI, FTS, and FTRM

Ford asserts cross claims for corporate officer/manager indemnification against BERI, FTS, and FTRM. FTS and FTRM have filed motions for summary judgment as to Ford's cross claim for corporate officer/manager indemnification.

---

[3] Relationships such as one of a contractor between a subcontractor, *First Gen. Servs. of Charleston, Inc. v. Miller*, 314 S.C. 439, 443, 445 S.E.2d 446, 448 (1994), and a landlord and a general contractor, *Addy v. Bolton*, 257 S.C. 28, 33, 183 S.E.2d 708, 709 (1971), have been found to be "special relationships" for purposes of equitable indemnity. However here, Ford is arguing that his position as an employee of a parent company should entitle him to indemnification from a subsidiary company. The Undersigned determines that this is one leap too far to allow for a determination of a "special relationship" for purposes of equitable indemnity.

A corporation may indemnify an individual made a party to a proceeding because he is or was a director against liability incurred in the proceeding if: (1) he conducted himself in good faith, and (2) he reasonably believed that his conduct was in the corporation's best interest. S.C. Code Ann. § 33-8-510(a).

Here, FTRM and FTS argue that they are entitled to summary judgment on these cross claims because Ford was an officer employed by BERI, not FTRM or FTS. Ford argues that because FTRM and FTS are subsidiaries of BERI he is entitled to indemnification by virtue of his employment as an officer of BERI. This claim fails. Ford was not an officer or director of FTRM or FTS. Accordingly, he is not "an individual made a party to a proceeding because he is or was a director." S.C. Code Ann. § 33-8-510(a). While Ford emphasizes that he was a director of BERI, the parent company of FTRM and FTS, this fact was more applicable in his arguments for equitable indemnification rather than corporate officer indemnification.

Accordingly, FTRM and FTS's motions for summary judgment as to corporate officer indemnification are granted, and Ford's motion for summary judgment is denied.

## V.     CONCLUSION

For the reasons stated herein, Ford's Motion for Summary Judgment (ECF No. 112) is denied, and FTS's Motion, (ECF No. 150), is granted. Further, FTRM's Motion, (ECF No. 146), is granted to the extent it seeks Summary Judgment on Ford's cross claims.

IT IS SO ORDERED.

May 19, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge