IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brabham Oil Company, Inc., | C/A No. 5:24-cv-1170-JFA |
| Plaintiff, | |
| v. | |
| Fuel Trader Supply, LLC, Blue Earth Resources, Inc., Fuel Trader Resource Management, Inc, William R. Eaton, Scott M. Boruff, Charles B. Lobetti, III, Gary W. Ford, Jr., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

## I.     <u>INTRODUCTION</u>

This matter is before the Court on Defendant William R. Eaton's ("Eaton") Motion for Summary Judgement on Indemnification (ECF No. 148) and Defendant Fuel Trader Resource Management, Inc.'s ("FTRM") Motion for Summary Judgment against Eaton and Defendant Gary W. Ford, Jr.[1] ("Ford") (ECF No. 146). These Motions for Summary Judgment address cross claims asserted by Eaton for indemnification from the Corporate Defendants.[2] A hearing was scheduled, and argument was heard regarding these Motions on May 13, 2026. For the reasons stated herein and at the hearing, Eaton's Motion is denied, and FTRM's Motion is denied.

---

[1]  FTRM's arguments against Ford are addressed in a separate order.

[2]  Corporate Defendants include Fuel Trader Supply, LLC ("FTS"), FTRM, and Blue Earth Resources, Inc. ("BERI").

## II.     FACTS

This case arises out of a longstanding business relationship between Plaintiff and FTS, FTRM, and BERI (collectively "Corporate Defendants"). In 2018, Plaintiff entered into buy-sell agreements with FTS whereby Plaintiff paid FTS for the purchase of certain fuel products. (ECF No. 27, p. 6). FTS would then purchase products, sell them to customers, and repay Plaintiff for money received plus interest. *Id.* It appears this buy-sell arrangement proceeded without incident from 2018 until 2022. In September 2022, BERI acquired FTS and FTRM. Ultimately, a breakdown in this buy-sell arrangement occurred. Plaintiff sued the Corporate Defendants as well as Eaton, Ford, Charles B. Lobetti ("Lobetti"), and Scott M. Boruff ("Boruff")—officers of the Corporate Defendants in their official capacities—on several causes of action. Further, Eaton and Ford filed cross claims against the Corporate Defendants for indemnity of any costs and judgments against them arising from Plaintiff's claims. (ECF Nos. 68 & 72).

Plaintiff contends that "[s]oon after [BERI] acquired [FTS] in September 2022, Eaton and the other Defendants began fraudulently moving Brabham['s] funds obtained under the buy-sell relationship to [BERI], without Brabham['s] knowledge, and began encouraging Brabham [] to execute a new buy-sell agreement so that they could continue their fraud." (ECF No. 164, p. 3). Plaintiff further contends that under the January 2023 buy-sell agreement, Brabham continued to advance monies to FTS to buy fuel; however, FTS "at the direction of [BERI] and its controlling principals, including Eaton—began diverting monies owed to Brabham [] to [BERI] and other unauthorized third-party

recipients without Brabham['s] [] knowledge or consent, for their own benefit, leading to [FTS's] demise and inability to repay Brabham." *Id.* at 4.

Eaton entered into an employment agreement with FTS providing him the duties and title of sole manager, President and Chief Operations Officer of FTS and FTRM. (ECF No. 146-3). Eaton was also appointed to BERI's board of directors.

In his cross claims, Eaton argues that he is entitled to (1) Contractual Indemnification against Defendants BERI, FTRM, and FTS; (2) Equitable Indemnification against Defendants BERI, FTRM, and FTS; and (3) Corporate Officer/Manager Indemnification against BERI, FTRM, and FTS. (ECF No. 112, p. 1).

### III.    <u>STANDARD OF REVIEW</u>

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving

party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## IV.    DISCUSSION

This Order addresses both Eaton's Motion for Summary Judgment, (ECF No. 148), and FTRM's Motion for Summary Judgment, (ECF No. 146).

### A. Eaton's Motion for Summary Judgment

### i.    Contractual indemnification against BERI:

Eaton alleges he is entitled to contractual indemnification against BERI due to his employment agreement with BERI, FTS, and FTRM. (ECF No. 148). Eaton's employment agreement with BERI, FTS, and FTRM contains the following relevant provision:

> Indemnification. In the event that the Executive is made a party or threatened to be made a party to any action, suit, or proceeding, whether civil, criminal, administrative, or investigative (a "Proceeding"), other than any Proceeding initiated by the Executive or the Company related to any contest or dispute between the Executive and the Company or any of its affiliates with respect to this Agreement or the Executive's employment hereunder, by reason of the fact that the Executive is or was a director or officer of the Company, or any affiliate of the Company, or is or was serving at the request of the Company as a director, officer, member, employee, or agent of another corporation or a partnership, joint venture, trust, or other enterprise, **the Executive shall be**

4

> **indemnified and held harmless by the Company[3] from and against any liabilities, costs, claims, and expenses, including all costs and expenses incurred in defense of any Proceeding (including attorneys' fees).** Costs and expenses incurred by the Executive in defense of such Proceeding (including attorneys' fees) shall be paid by the Company in advance of the final disposition of such litigation upon receipt by the Company of: (i) a written request for payment; (ii) appropriate documentation evidencing the incurrence, amount, and nature of the costs and expenses for which payment is being sought; and (iii) an undertaking adequate under applicable law made by or on behalf of the Executive to repay the amounts so paid if it shall ultimately be determined that the Executive is not entitled to be indemnified by the Company under this Agreement.

(ECF No. 148-1, p. 9) (emphasis added).

While this provision is contained in an employment agreement with all three corporate entities, the obligation to indemnify is limited to BERI as defined in the contract. *Id.*

Eaton's employment agreement with BERI is governed by the laws of Tennessee—there does not appear to be a dispute that Tennessee law applies to the interpretation of this contract. (ECF No. 148-1, p. 10). "Under Tennessee law, contracts that indemnify a party against one's own negligence, while not against public policy, must state that intent in expressly clear and in unequivocal terms." *Wells ex rel. Baker v. State*, 435 S.W.3d 734, 747 (Tenn. Ct. App. 2013) (citation modified). The Tennessee Supreme Court has recognized "the universal rule that there can be no recovery where there was concurrent

---

[3] Importantly, "Company" is a term that is defined earlier in the employment agreement as BERI. (ECF No. 148-1, p. 1). In Eaton's Reply brief, he appears to agree that this contract only requires indemnification by BERI, not FTS and FTRM, which are also parties to the employment agreement. (ECF No. 173, p. 2 "Even if the Employment Agreement's indemnification clause runs exclusively to BERI—which Eaton concedes for purposes of this Reply . . .").

negligence of both indemnitor and indemnitee unless the indemnity contract provides for indemnification in such case by clear and unequivocal terms." *Farmers Mut. of Tennessee v. Athens Ins. Agency*, 145 S.W.3d 566, 569 (Tenn. Ct. App. 2004) (citation modified) (citing *Kroger Co. v. Giem*, 215 Tenn. 459, 387 S.W.2d 620 (1964)).

Here, some of Plaintiff's claims against Eaton have survived summary judgment. These claims relate to Eaton's behavior in his individual capacity while working for the Corporate Defendants. The plain language of Eaton's employment agreement appears to indicate that he is entitled to be indemnified by BERI if faced with litigation such as the subject matter here. However, the agreement does not explicitly state that this indemnity will extend to wrongful and negligent actions as required by Tennessee law. Accordingly, because some claims regarding Eaton's alleged negligent and wrongful behavior are not yet resolved, a dispute of material fact remains regarding whether Eaton is entitled to be indemnified by BERI. Eaton argues that the Corporate Defendants misapply Tennessee law citing *Forrester v. Stockstill* which states that "when an officer, director, or employee of a corporation acts within the general range of his authority, and his actions are substantially motivated by an intent to further the interest of the corporation, in claims of intentional interference with employment, the action of the officer, director, or employee is considered to be the action of the corporation and is entitled to the same immunity from liability." 869 S.W.2d 328, 334–35 (Tenn. 1994). This case does not address indemnity but rather reargues Eaton's contention that because he was a corporate officer acting in the scope of employment, he cannot be individually responsible for any of his conduct. This argument

6

is addressed at length in this Court's order regarding Eaton's Motion for Summary Judgment as to the merits of Plaintiff's claims, (ECF No. 149). Accordingly, Eaton's Motion for summary judgment as to contractual indemnification by BERI is denied.

Additionally, Eaton's claim that he is entitled to advancement also fails at this stage. Eaton's employment agreement states in relevant part that:

> Costs and expenses incurred by the Executive in defense of such Proceeding (including attorneys' fees**) shall be paid by the Company in advance of the final disposition of such litigation** upon receipt by the Company of: (i) a written request for payment; (ii) appropriate documentation evidencing the incurrence, amount, and nature of the costs and expenses for which payment is being sought; and (iii) an undertaking adequate under applicable law made by or on behalf of the Executive to repay the amounts so paid if it shall ultimately be determined that the Executive is not entitled to be indemnified by the Company under this Agreement**.**

(ECF No. 148-1, p. 9) (emphasis added).

The plain language of this advancement provision indicates that Eaton is entitled to an advancement of the costs and expenses incurred by him at this time even if a dispute of material fact may exist regarding Eaton's liability. Thus, it does not appear that Tennessee law would bar granting summary judgment regarding Eaton's entitlement to advancement. However, upon reviewing the briefing and hearing argument at the hearing, Eaton has not provided any evidence that he has satisfied the procedural requirements proscribed for in the agreement. The relief requested in his motion requests this Court order that "The Corporate Defendants shall advance Eaton's defense costs and attorney's fees incurred in this action upon compliance with the procedural requirements set forth in the employment

agreement and applicable law." (ECF No. 148). Accordingly, because the procedural requirements proscribed by contract have not been satisfied, an order regarding the Corporate Defendants' obligations at this time would be premature.

## ii.     Contractual Indemnification against FTS and FTRM

The Corporate Defendants allege that any claims of contractual indemnification by Eaton against FTS and FTRM should be barred because the Amended Complaint in which Eaton asserts his cross claims alleges contractual indemnification against BERI, not FTS and FTRM. Conversely, Eaton argues that that "[t]his assertion fundamentally misreads Eaton's Amended Answer and Crossclaims." (ECF No. 173, p. 2). At an initial glance, Eaton's Amended Answer and Crossclaim does appear to limit his claim of contractual indemnity against BERI, stating in its heading "Contractual Indemnification—Against BERI," (ECF No. 68, p. 29). Conversely, the other two cross claims asserted specifically state: "Equitable Indemnification—Against BERI, FTS, & FTRM)" and "Corporate Officer/Manager Indemnification—Against BERI, FTS, & FTRM)." *Id.* at 29–30. Thus, it does not appear to be a "fundamental" misinterpretation to find Eaton did not assert a crossclaim for contractual indemnity against FTS and FTRM. However, in the final paragraph of Eaton's first crossclaim he states: "Therefore, Eaton seeks enforcement of the indemnification provision and requests the Court order the *Corporate Entities* to indemnify him in accordance with the terms of the agreement." *Id.* (emphasis added). The Court is inclined to allow this reference to the Corporate Entities to extend Eaton's claim of

8

contractual indemnification to FTS and FTRM and accordingly will consider his arguments.

Consistent with this, Eaton alleges that even if the indemnification provision discussed above does not extend to FTS and FTRM, they "remain independently obligated to indemnify Eaton under their respective corporate governance documents and applicable state law." (ECF No. 173, pp. 2–3).

FTS's operating agreement contemplates indemnity for officers and managers to the fullest extent permitted by the Texas Business Organizations Code. (ECF No. 148-4, p. 12). Accordingly, Eaton argues that due to his position as an officer of FTS, he is entitled to summary judgment on his claim of indemnity against FTS. The Texas Business Organizations Code expressly prohibits indemnity "in relation to a proceeding in which the person has been found liable for (A) willful or intentional misconduct in the performance of the person's duty to the enterprise, (B) breach of the person's duty of loyalty owed to the enterprise, or (C) an act or omission not committed in good faith that constitutes a breach of duty owed by the person to the enterprise." Tex. Bus. Orgs. Code § 8.102. At this time, a dispute of material fact remains regarding Eaton's liability in the underlying action. Accordingly, Eaton's motion for summary judgment on his crossclaim for contractual indemnification against FTS is denied.

FTRM's bylaws allow for indemnification of directors and officers; however, the bylaws also state that an individual such as Eaton "shall have no right to reimbursement . . . in relation to matters as to which he or she has been adjudged liable to the Corporation

9

for negligence or misconduct in the performance of his or her duties, or was derelict in the performance of his or her duty as director, officer or employee by reason of willful misconduct, bad faith, gross negligence, or reckless disregard for the duties of his or her office or employment." (ECF No. 148-5, pp. 7–8). As discussed throughout this order, a dispute of material fact remains regarding Eaton's liabilities related to his conduct in the underlying action. Accordingly, Eaton's motion for summary judgment is denied.

Eaton also argues that he is entitled to summary judgment regarding indemnification because: "Both Utah and Texas law—the states of incorporation for BERI and FTS, respectively—provide statutory indemnification rights for officers acting in good faith within the scope of their official duties." (ECF No. 173, p. 3). Beyond making this general statement and including a citation to Utah Code § 16-10a-904 and Tex. Bus. Orgs. Code §§8.104-8.105, Eaton provides no substantive argument as to how and why these regulations are applicable. A dispute of fact regarding whether Eaton acted in "good faith" sufficient to raise the issue of whether these statutes are applicable to this action remains. Accordingly, Eaton's motion for summary judgment for contractual indemnification is denied.

## B. FTRM's Motion for Summary Judgment regarding equitable indemnity and corporate officer indemnification. (ECF No. 146)

### i.     Equitable Indemnification

FTRM argues that Eaton is not entitled to equitable indemnification because FTRM is not itself liable to Plaintiff, and that if any liability is imposed on FTRM, it will be

10

attributable to Eaton's own conduct and negligence. (ECF No. 146-1, p. 8). Conversely, Eaton argues that there is evidence[4] in the record indicating that FTRM is responsible for alleged wrongs Brabham may have suffered, and that any wrongful actions Eaton may have taken were in his scope of employment and accordingly cannot bar entitlement to equitable indemnification. (ECF No. 165).

"[A] right of indemnity exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join." *Inglese v. Beal,* 403 S.C. 290, 299, 742 S.E.2d 687, 691 (Ct. App. 2013) (citation omitted). "Generally, an indemnity plaintiff may recover damages from a defendant where the wrongful act of the defendant has involved the [indemnity] plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest." *Id.* (citation modified) (citation omitted) "When a sufficient relationship between them exists, the indemnity plaintiff [] must prove the following elements to recover damages on an equitable indemnity claim: (1) the indemnity defendant [] is at fault in causing the damages of the third party [], (2) the plaintiff has no fault for those damages; and (3) the plaintiff incurred expenses that were necessary to protect his interest in defending the third party's claim." *Id.*

---

4 Eaton asks this Court to consider the fact that FTRM has settled with Plaintiff in its analysis of any potential wrongdoing against Plaintiff. The Court declines to do so.

For the reasons stated herein and at the hearing, FTRM's motion is denied. While Plaintiff has since settled with FTRM and accordingly Plaintiff has not presented additional evidence of FTRM's involvement in possible wrongdoing, the Court is not prepared to determine as a matter of law that FTRM is not at fault in causing any damages to Brabham. The record reflects that funds, which may have been improperly allocated from the buy-sell agreements, were transferred to and from FTRM accounts. Further, as discussed at length above and in this Court's order regarding Eaton's motion for summary judgment as to the merits of Plaintiff's claims, there is a dispute of material fact regarding whether he has any fault in the damages incurred by Plaintiff. Accordingly, FTRM's motion for summary judgment regarding equitable indemnification is denied.[5]

### ii.    Corporate Officer Indemnification

FTRM avers that Eaton is not entitled to corporate officer indemnification from FTRM because "he is a party to this action because of (and his potential liability arises from) his managerial and directorial capacities with FTS and BERI. In other words, his liability rises or falls with FTS and BERI, not with FTRM." (ECF No. 146-1, p. 9). Thus, FTRM argues that because Eaton is not "a party to this action because of [his] directorial or officer role[] with FTRM and [his] potential liability is not dependent on [his]

---

[5] Eaton labels his Motion, (ECF No. 148), as a motion for summary judgment for contractual indemnification. However, this Court clarified at the hearing that Eaton is also seeking summary judgment on his equitable indemnification cross claim and corporate officer/manager indemnification cross claim. Eaton's Motion for Summary Judgment is denied as to these claims against all Corporate Defendants because, as discussed throughout this order, a dispute of material fact remains regarding Eaton's actions in the underlying litigation.

relationship to or decisions made for FTRM, [he does not] qualif[y] for officer or director indemnity." *Id.* at 10. Additionally, FTRM argues that even if such a connection were to be found, Eaton cannot show that he acted in good faith and reasonably believed his conduct was in the best interest of the corporation. *Id.*

A corporation may indemnify an individual made a party to a proceeding because he is or was a director against liability incurred in the proceeding if: (1) he conducted himself in good faith, and (2) he reasonably believed that his conduct was in the corporation's best interest. S.C. Code Ann. § 33-8-510(a).

For largely the same reasons as discussed in regard to Eaton's claim of equitable indemnity against FTRM, this motion is denied. A dispute of material fact remains regarding FTRM's role in the damages incurred by Plaintiff. Thus, the Court cannot at this stage determine as a matter of law that Eaton's role as a corporate officer of FTRM is not a factor in his involvement in this litigation. Further, while FTRM contends that Eaton cannot successfully argue that he conducted himself in good faith and reasonably believed his conduct was in the corporation's best interests as discussed in the order regarding Eaton's liability to Plaintiff, a dispute of material fact regarding Eaton's individual participation in any wrongdoing exists sufficient to move this claim beyond summary judgment. Thus, FTRM's motion for summary judgment as to corporate officer indemnification is denied.

## V.     **CONCLUSION**

For the reasons stated herein and at the hearing, Eaton's Motion for Summary Judgment, (ECF No. 148), is denied and FTRM's Motion for Summary Judgment, (ECF No. 146), is denied to the extent it seeks Summary Judgment on Eaton's cross claims.

IT IS SO ORDERED.

May 19, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

14